# FILED

JUL 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

530

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___Savage_____ ___Gary_____ _Gb_____
(Last)                      (First)              (Initial)

Prisoner Number __V17266_____

Institutional Address __Avenal State Prison_____ (PR)

RMW

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 08 3572

___Gary Savage_____
Full Name of Petitioner

Case No.(To be provided by the
clerk of court)

vs.

___B. Curry, Warden_____   PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailor)

### Read Comments Carefully Before Filling In

**When and Where to File**

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are <u>not</u> proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

   Criminal Conviction

   (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

   Contra Costa Superior Court _____    Martinez _____
               Court                                   Location

   (b) Case number, if known <u>021689-5</u>
   (c) Date and terms of sentence <u>12-5-03</u>
   (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes X   No ☐

   Where? <u>Avenal State Prison</u> _____    <u>P.o.Box 9 Avenal Ca 93204</u>
               (Name of Institution)                   (Address)

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

   P.c 236/237 P.c 273.5 (A) P.c 245 (A) 1 _____

3. Did you have any of the following?

   Arraignment: Yes X  No ___  Preliminary Hearing: Yes X No ___ Motion to Suppress: Yes X No ___

4.    How did you plead?

Guilty _____    Not Guilty ___X___    Nolo Contendere _____

Any other plea (specify) _____

5.    If you went to trial, what kind of trial did you have?

Jury ___X___    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?  Yes ____  No _X_

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes _X_        No ____
(b)    Preliminary hearing            Yes _X_        No ____
(c)    Time of plea   Yes _X_        No ____
(d)    Trial   Yes _X_        No ____
(e)    Sentencing   Yes _X_        No ____
(f)    Appeal        Yes _X_        No ____
(g)    Other post-conviction proceeding    Yes ____    No ____

8.    Did you appeal your conviction?    Yes _X_  No ____

(a)    If you did, to what court(s) did you appeal?

| | | | (Year) | (Result) |
|---|---|---|---|---|
| Court of Appeal | Yes _X_ | No ____ | 2007 | denied |
| Supreme Court of California | Yes _X_ | No ____ | 2007 | denied |
| Any other court | Yes _X_ | No ____ | | |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?
Yes _X_  No ____

(c)    Was there an opinion?    Yes ____  No _X_

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
Yes ____        No _X_

4

If you did, give the name of the court and the result:

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes _____     No _____

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

      (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court _____ *N/A* _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

II.    Name of Court _____ *N/A* _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

III.    Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes ☐  No ☒

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

    State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

    Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: _The Trial Court Imposed an Illegal Sentence_

7

Supporting Facts: 12-5-83 Petitioner Was first Sentenced To a Term of 25 To Life for the Above listed Crimes, and then brought back to The Superior Court and The Sentence Reduced to another Aggravated Term of 8 year Which is beyond The Term an in Violation of Petitioners due Process Rights for addition Supporting fact See Exhibits A 1 thr 2

Claim Two: _____

_____

Supporting Facts: _____

_____

_____

_____

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

_____

_____

_____

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

_____

_____

_____

Do you have an attorney for this petition?    Yes ☐ No ☒

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __July 15, 2008__        __Gary Savage__
                Date                Signature of Petitioner

( rev. 5/96)

9

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:

ENTITLED: _Writ of habeas Corpus / Exhibits AA-1-6', and_

_Al-7._

BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER,

AND DEPOSITING IT IN THE [ *UNITED STATES MAIL* ] AT AVENAL STATE PRISON AND ADDRESSED IT

TO THE FOLLOWING:

Attorney General office
State of California
455 Golden Gate Ave Suite 11000
San francisco Ca 94102-3664

EXECUTED ON __July__ __15__, 20 __08__ AT AVENAL STATE PRISON, AVENAL CALIFORNIA

I, __Gary Savage V17266__ DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW

OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

_Gary Savage_
SIGNITURE OF DECLARANT

_Gary Savage_
PRINT NAME OF DECLARANT

PRO PER.

Exhibits AA1-b"

Original Writ of
Habeas Corpus

EX "A"

"Exhibits AA1-b"

MC-275

Name GARY SAVAGE  √17260

Address P.O. BOX-705  SA 136L

SOLEDAD, CA. 93960-0705

CDC or ID Number _____

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF CONTRA COSTA
(Court)

**PETITION FOR WRIT OF HABEAS CORPUS**

| | |
|---|---|
| GARY SAVAGE | No. _____ |
| Petitioner | (To be supplied by the Clerk of the Court) |
| vs. | |
| B. CURRY, Warden | |
| Respondent | |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

[ ] A conviction          [X] Parole

[X] A sentence            [ ] Credits

[ ] Jail or prison conditions    [ ] Prison discipline

[ ] Other (specify): _____

1. Your name:  Gary Savage

2. Where are you incarcerated?  Soledad State Prison

3. Why are you in custody?  [X] Criminal Conviction    [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   False Imprison by Violence/Corporal Injury to Spouse/Assault by

   Force Likely.

b. Penal or other code sections:  PC §236/237 PC §273.5(a)  PC §245(a)(1)

c. Name and location of sentencing or committing court:  Contra Costa County Superior Court

d. Case number:  021689-5

e. Date convicted or committed:  4-2-03

f. Date sentenced:  12-5-03

g. Length of sentence:  Eight (8) Years

h. When do you expect to be released?  12/19/08

i. Were you represented by counsel in the trial court?  [X] Yes.  [ ] No.  If yes, state the attorney's name and address:

   Paul Mariano, Public Defender, Contra Costa County Public

   Defenders Office.

4. What was the LAST plea you entered? *(check one)*

   [ ] Not guilty  [XX] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [XX] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

6. GROUNDS FOR RELIEF
Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

> The trial court imposed an illegal sentence.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

> (SEE ATTACHED)

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

> Cunningham        v.        California      (Jan.      22,
> 2007)    U.S.    , (2007WL135678; )              2007U.S.LEXIS
> 1324...1-3,12-15,19,21-23,26,30

7. Ground 2 or Ground _____ *(if applicable)*:

_____
_____
_____
_____
_____

a. Supporting facts:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

b. Supporting cases, rules, or other authority:

_____
_____
_____
_____
_____
_____

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☒☒ No.  If yes, give the following information:

  a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):  NA _____

  b. Result: _____ NA _____  c. Date of decision: _____

  d. Case number or citation of opinion, if known: _____ NA _____

  e. Issues raised:  (1) _____ NA _____

    (2) _____ NA _____

    (3) _____ NA _____

  f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

    _____ NA _____

9. Did you seek review in the California Supreme Court?  ☐ Yes.  ☒ No.  If yes, give the following information:

  a. Result: _____ NA _____  b. Date of decision: _____

  c. Case number or citation of opinion, if known: _____ NA _____

  d. Issues raised:  (1) _____ NA _____

    (2) _____ NA _____

    (3) _____ NA _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:  NA _____

  _____ NA _____

11. Administrative Review:

  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:  NA _____

  _____

  _____

  _____

  _____

  _____

  _____

  _____

  b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
  *Attach documents that show you have exhausted your administrative remedies.*

MC-275 (Rev. January 1, 1999)       PETITION FOR WRIT OF HABEAS CORPUS

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____ NA _____

  (2) Nature of proceeding (for example, "habeas corpus petition"): _____ NA _____

  (3) Issues raised: (a) _____ NA _____

    (b) _____

  (4) Result (Attach order or explain why unavailable): _____ NA _____

  (5) Date of decision: _____ NA _____

 b. (1) Name of court: _____

  (2) Nature of proceeding: _____

  (3) Issues raised: (a) _____

    (b) _____

  (4) Result (Attach order or explain why unavailable): _____

  (5) Date of decision: _____

 c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
    There has been no delays in litigation.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

    In Pro-Per

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____ NA _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____ NA _____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 6-27-07                    _____ (SIGNATURE OF PETITIONER)

                                                              Page six of six

MC-275 (Rev. January 1, 1999)            PETITION FOR WRIT OF HABEAS CORPUS



Superior Court of the State of California

In and For the County of Contra Costa

No. 071054-1

In re Gary Savage,
On Habeas Corpus.

_____/

Decision On Pro. Per.
Petition for Writ of
Habeas Corpus.

[Underlying docket
No. 5-021689-5.]

The court, on its own motion, takes judicial notice of petitioner's underlying criminal docket as set forth above.

I. Background.

On or about April 2, 2003 petitioner was convicted following jury trial of violation of PC 273.5(a), inflicting corporal injury, PC 236/237, false imprisonment by violence, and PC 245(a)(1), assault by force likely. As a so-called two striker, petitioner was sentenced to the upper term on the PC 273.5(a) count, doubled to 8 years. Sentence on the two other charges was stayed pursuant to PC 654. The actual sentence was pronounced on December 5, 2003.

II. Contentions in the Petition.

Petitioner contends the sentencing court abused its discretion and committed legal error when it imposed an allegedly illegal sentence by sentencing petitioner to 8 years at 80% which is allegedly 5 years above the mandatory sentence a trial court

could impose without a finding by a jury. Petitioner cites and argues that the recent U.S. Supreme Court case of <u>Cunningham v California</u>, decided on January 22, 2007, is applicable to his 2003 sentencing and that the <u>Cunningham</u> case is retroactive.

For the reasons set forth below, there is no merit to the petition.

III. Discussion.

A. <u>Apprendi, Blakely, Cunningham & Retroactivity.</u>

The sole question presented by the instant petition is whether the <u>Cunningham</u> decision is retroactive to petitioner's sentencing in 2003. The simple answer to that question is "no." (See <u>In re Gomez</u> (August 7, 2007) __ Cal.App.4th __, 2007 DJDAR 12060, 2007 Cal.App.Lexis 1291, held: <u>Cunningham</u> is not to be applied retroactively to upper term sentence on collateral habeas review in cases already final when <u>Cunningham</u> was decided.) Petitioner's case was final when <u>Cunningham</u> was decided. Therefore, <u>Cunningham</u> does not apply to petitioner's case.

However, there are two exceptions, the so-called <u>Teague</u> exceptions, to the rule of non-retroactivity. New constitutional rules of criminal procedure are applicable to those cases which have become final before the new rules are announced if, and only if, it falls within one of two narrow exceptions to the general rule of nonretroactivity. A new rule is not given retroactive applications to convictions already final unless the new rule 1.) places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or 2.) could be considered a watershed rule of criminal procedure. (<u>People v Amons</u> (2005) 125 Cal.App.4th 855, 864 quotations omitted.)

Neither exception applies here. <u>Cunningham</u> does not purport to address any substantive offense (the first exception) nor does it establish a new rule that falls within the "watershed" exception (the second exception). (<u>In re Gomez</u>, supra, 2007 Cal.App. Lexis at 12062.)

IV. Disposition.

Petition denied.

Dated: 5/23/07

John C. Minney,
Judge of the Superior Court

cc: Petitioner
021689-5

jj/moss27u34

2

"Exhibits A1-7..."

Attached Written Writ
Of Habeas Corpus

EX. "8"

"Exhibits A1-7..."

Attached Written Writ
Of Habeas Corpus

1   Gary Savage √17266
    P.O. Box-705   SA 136L
2   Soledad, Ca. 93960-0705

3

4               SUPERIOR COURT OF THE STATE OF CALIFORNIA

5                   FOR THE COUNTY OF CONTRA COSTA

6

7

8   GARY SAVAGE                    /
    Petitioner                     /        No._____
9                                  /
                                   /
10          vs.                    /        Writ of Habeas Corpus
                                   /
11  B. CURRY, Warden               /
    Respondent                     /
12

13

14                                 · I

15                          INTRODUCTION

16      1.  Petitioner was charged and convicted of Penal Code

17  §273.5(a), Corporal Injury to Spouse, Penal Code §236/237,

18  False Imprison by Violence, Penal Code, §245(a)(1), Assault by

19  Force Likely, and sentenced to an aggravated term of eight (8)

20  years.   Count 2-P.C. 236/237 Stayed-P.C.§654, Count 4-P.C.

21  §245(a)(1), Stayed-P.C. §654.   The history in this matter

22  before the court will shed an ample amount light concerning

23  the illegal aggravated term in this case. Petitioner was first

24  sentenced to a term of 25 to Life for the above listed crimes

25  and, then brought back to the Superior Court and the sentence

26  reduced to another aggravated term of eight (8) years, which

27  is beyond the term and in violation of petitioners due process

28  rights according to the Sixth and Fourteenth Amendments of the

                              1.

1    United States Constitution.

2        2.  Petitioner maintains that the court acted contrary to

3    the law governing petitioners' punishment by sentencing him

4    to  an  aggravated  term.  (See  Ex.A.)   By  placing

5    sentence-elevating factfinding within the judges's province,

6    violates a defendant's right to trial by jury safeguarded by

7    the Sixth and Fourteenth Amendments.

8                              II

9                            PARTIES

10       3.  The Superior Court of California for the County of

11   Sacramento.

12                             III

13                     STATEMENT OF FACTS

14       4.  Petitioner  was  tried  and  convicted  of  P.C.

15   §273.5(a), P.C. 236/237, P.C. §245(a)(1), which the later two

16   charges were stayed and petitioner was sentenced to eight (8)

17   years  in  state  prison.   Under  California's  determinate

18   sentencing law petitioners offense is punishable by one of

19   three precis terms of imprisonment.  The DSL obliged the

20   trial judge to sentence petitioner to the middle term of

21   three (3) years, and not the upper term of four (4) years and

22   then doubled to eight (8) years.  According to Penal Code

23   §273.5 (a), petitioner should have been sentenced to the

24   mid-range of three (3) years, petitioner has no prior

25   conviction for P.C. §273.5(a).  If petitioner had a prior

26   §273.5(a), he then should be sentenced under penal code

27   §273.5(e), which is not the case.

28                              2.

1      5. Petitioner reiterates "Apprendi's bright line rule"

2 which Cunningham held was violated in cases such as this one.

3 Under the Due Process Clause of the [Fourteenth] Amendment

4 and the notice and jury trial guarantees of the Sixth

5 Admendment, any fact that increases the maximum penalty for a

6 crime must be charged in an indictment of information,

7 submitted to a jury, and proven beyond a reasonable doubt.

8 (Apprendi, supra, at p.476. Here, no upper-term aggravating

9 factor was either charged in the information, or submitted to

10 a jury, or proved beyond a reasonable doubt.

11      6. Petitioner was exposed to a sentence in excess of

12 the relevant statutory maximum which must be found by a jury,

13 not a judge, and established beyond a reasonable doubt, not

14 merely by a preponderance of evidence. See 530 U.S. 446,

15 490.

16      7. In all material respects, petitioners' sentence

17 resembles the sentencing system invalidated in Blakely and

18 Booker. Following the reasoning in those cases, the middle

19 term prescribed under the California law, not the upper-term,

20 is the relevant statutory maximum. If the aggravating

21 factors were applied under Penal Code §273.5(e) petitioner

22 still should only be sentenced to the middle term accordingly

23 and not the upper term and then doubled.

24      8. By California's determinate sentencing law assigning

25 to the trial judge, and not the jury, authority to find facts

26 that expose petitioner to an elevated upper term sentence.

27 By placing sentence-elevating factfinding within the judge's

28 province, violates petitioner's right to trial by jury

EXhA-4

1   safeguarded by the Sixth and Fourteenth Amendments.   Which

2   the court hold's that it does.

3       9. Unlike    aggravating    circumstances,    statutory

4   enhancements must be charged in the indictment, which was not

5   the case in this issue before the court.   Also, the under

6   lying facts must be proved to the jury beyond a reasonable

7   doubt.   Penal Code :1170.1(e); Black, 35 Cal. 4th at 1257,

8   113p. 3d at 545.   A fact underlying an enhancement cannot do

9   double duty; it cannot be used to impose an upper term

10  sentence and, on top of that, an enhanced term.   Penal Code

11  §1170(b).   Where permitted by statue, however, a judge may

12  use a fact qualifying as an enhancer to impose an upper term

13  rather than an enhanced sentence. Ibid; Rule 4.420(c).

14      10. In petitioner's case the judge should not have

15  sentenced petitioner above the standard range without finding

16  the additional facts.   Consequently, that fact or facts would

17  be subjected to the Sixth Admendment's jury trial guarantee.

18  542 U.S., at 304-314.   The judge in petitioner's case

19  inflicted punishment that the jury's verdict alone did not

20  allow, the jury has not found all the fact's which the law

21  makes essential to the punishment...and the judge exceeds his

22  proper authority.   Criminal Procedure §,p. 55 (2d ed.1872).

23      11. Because the judge in petitioner's case could not

24  have imposed a sentence outside the standard range without a

25  jury finding additional facts the top of that range would be

26  the middle range of three (3) years according to the Penal

27  Code §273.5(a).   Petitioner's abstract of Judgement reflects

28  Three charges, two (2) stayed, and one (1) P.C. §273.5(a) as

4.

1  the controlling term.  (See Ex.B)

2     12. A penalty provision that meets this criterion

3  exposing the petitioner to a greater punishment than that

4  authorized by the jury's guilty verdict, i.e., one that

5  constitutes an increase beyond the maximum authorized

6  statutory sentence is the functional equivalent of an element

7  of greater offense than the one covered by the jury's guilty

8  verdict.  (People v. Seel, supra, 34 Cal.4th p.548 [quoting

9  Apprendi, 530 U.S. at p. 494, fn 19].)  As it was restated in

10  Cunningham; Apprendi said that any fact extending the

11  defendant's sentence beyond the maximum authorized by the

12  jury's verdict would have been considered an element of an

13  aggravated crime and thus the domain of the jury by those who

14  framed the Bill of Rights.  (Cunningham,____ U.S. at

15  p.___ [2007 U.S. LEXIS 1324, at pp. 23-24][citation omitted];

16  see generally Apprendi, 530 U.S. at pp. 478-483, 494, fn.

17  19].)

18     13. Futhermore, petitioner did not personally waive his

19  right to a jury trial on the issue of aggravating factors.

20  Cunningham established that a defendant has a federal

21  constitutional right to a jury trial as to all factors, other

22  than the fact of a prior conviction, that are used to impose

23  the upper term.  His waiver of that right must be knowing and

24  voluntary and must appear on the record; it will not be

25  presumed.  (Boykin v. Alabama (1969) 395 U.S. 238; see also

26  California Constitution, article I, section 16; People v.

27  Ernst (1994) 8 Cal. 4th 441, 445.)

28                                  5.

Exhibit

## IV

## CONTENTIONS

By the court sentencing petitioner to the upper aggravated term it violated petitioners due process rights according to the U.S. Constitution and therefore he should be resentenced accordingly.

## REQUEST FOR RELIEF

Petitioner is without remedy save for Habeas Corpus.

Accordingly, petitioner request that the court:

1. Issue a Writ of Habeas Corpus;

2. Issue an order to show cause;

3. Order the court to resentence petitioner to the appropriate term.

## CONCLUSION

Thus, this court should reduce the upper term sentence to a three (3) year mid-term on count three (3), the maximum sentence permitted by the jury's verdict under Cunningham. (Penal Code § 1260; People v. Schueren supra 10 Cal. 3d at pp. 561-562.)

Dated:
6-27-07

Gary Savage

*Gary Savage*

VERIFICATION

I, Gary Savage, state:

I am the petitioner in this action. I have read the foregoing petition for Writ of Habeas Corpus and the facts stated therein are true of my own knowledge, except as to matters that are therein stated on my own information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was excuted on ▆ , at Soledad State Prison, Soledad California.

Gary Savage

*Gary Savage*

In Pro-Per

7.

ASP 520-706
P.O. Box 9
Avenal, La, 93204

Sausage

Confidential

LEGAL MATERIAL CONFIDENTIAL

RECEIVED

JUL 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ATTENTION: Richard W. Wieking
Clerk of United States District
Court for Northern District of Califor
450 Golden Gate Avenue,
San Francisco, Calif. 94102.

045JB2042E06
$02.36°
Mailed From 93204
07/16/2008
US POSTAGE
neopost

7/15/08