**E-FILED - 3/18/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY SAVAGE, | ) | No. C 08-3572 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING |
| vs. | ) | RESPONDENT'S MOTION TO |
| | ) | DISMISS |
| WARDEN B. CURRY, | ) | |
| | ) | |
| Respondent. | ) | (Docket No. 10) |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. On December 16, 2008, respondent filed a motion to dismiss the petition as untimely. Petitioner has not filed an opposition. Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the instant petition pursuant to 28 U.S.C. §2244(d).

**BACKGROUND**

In 2003, a Contra Costa jury found petitioner guilty of false imprisonment by violence, inflicting corporal injury to a spouse or former spouse, and assault by force likely to produce great bodily injury. (Petition, p. 3, Ex. A8.) The trial court sentenced petitioner to eight years in state prison. (Mot., p. 2.)

On July 28, 2004, the California Court of Appeal affirmed the judgment. (Id.) On

1  September 16, 2004, petitioner filed a state habeas petition in California Court of Appeal, which
2  was denied on September 23, 2004. (Id.) On July 11, 2007, petitioner filed a state habeas
3  petition in Contra Costa Superior Court, which was denied on August 23, 2007. (Id.) On
4  September 11, 2007, petitioner filed a state habeas petition in California Court of Appeal, which
5  was denied on September 13, 2007. (Id.) On October 9, 2007, petitioner filed a habeas petition
6  in California Supreme Court, which was denied on March 26, 2008. (Id.) Petitioner filed the
7  instant petition on July 25, 2008.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[1]

Here, petitioner's conviction became final when the time to file a petition for review in California Supreme Court expired, or on September 6, 2004. See Cal. R. Ct. 8.264(b)(1), 8.500(c). Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run on that date, and expired one year later, on September 6, 2005. The instant petition was not filed until July 25, 2008, over two years later. Thus, absent tolling the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)). Here, petitioner's first state habeas petition,

---

[1] In rare instances the limitation period may run from a date later than the date on which the judgment became final. See 28 U.S.C. §§ 2244(d)(1)(B)-(D). Except to the extent discussed below, there is no argument, or any apparent basis, for applying 28 U.S.C. §§ 2254(d)(1)(B)-(D) to the instant case.

1  filed on September 16, 2004 and denied on September 23, 2004, tolled the statute of limitations
2  for seven days, see 28 U.S.C. § 2244(d)(2), extending the limitations period to September 13,
3  2005.

4       Petitioner did not file another state habeas petition until July 11, 2007, approximately one
5  year nine months after the limitations period expired.  A state habeas petition filed after
6  AEDPA's statute of limitations ended cannot toll the limitations period.  Ferguson v. Palmateer,
7  321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the
8  limitations period that has ended before the state petition was filed," even if the state petition
9  was timely filed).  As petitioner's federal habeas petition was not filed until July 25, 2008, more
10 than two years nine months after his limitations period expired, this action is untimely.

11      Petitioner does not argue, but the court nevertheless notes, that the commencement of the
12 limitation period was not delayed in this case under 28 U.S.C. § 2244(d)(1)(C).  Under that
13 section, the commencement of the limitation period can be delayed until the date on which "the
14 constitutional right asserted was recognized by the Supreme Court, if the right was newly
15 recognized by the Supreme Court and made retroactive to cases on collateral review."  28 U.S.C.
16 § 2244(d)(1)(C).  Petitioner's only claim -- that the enhancement of his sentence by the judge
17 violated his right to a jury trial -- relies upon a United States Supreme Court's decision, namely
18 Cunningham v. California, 549 U.S. 270 (2007).  However, because Cunningham did not
19 establish a "new rule of constitutional law," Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008),
20 but instead relied on Blakely v. Washington, 542 U.S. 296 (2004), which was decided prior to
21 the date petitioner's conviction became final, 28 U.S.C. § 2244(d)(1)(C) does not apply to this
22 case.

23      As a result, the instant petition is not rendered timely by tolling under 28 U.S.C.
24 § 2244(d)(2).  Further, although equitable tolling may be available in limited cases, there is no
25 argument or indication that petitioner is entitled to equitable tolling in this case.  As the instant
26 petition was filed after the limitations period expired, the instant petition must be dismissed as
27 untimely under 28 U.S.C. § 2244(d)(1).

28      **CONCLUSION**

1  Respondent's motion to dismiss the petition as untimely (docket no. 10) is GRANTED.
2  The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1). The clerk shall
3  terminate all pending motions and close the file.
4  IT IS SO ORDERED.
5  Dated: 3/16/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge